## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAE QUANTE N. GALE | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-16-2481 |
| OFFICER BRIAN WILDER and | * | |
| THE BALTIMORE COUNTY POLICE DEPT. | * | |
| Defendants | | |

\*\*\*

### MEMORANDUM

In response to the above-entitled civil rights complaint, Defendants move to dismiss or for summary judgment. ECF 9. Plaintiff was advised of his right to file an Opposition Response and of the consequences of failing to do so, but has not filed anything further in the case. *See* ECF 10. The Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, the unopposed Motion to Dismiss or for Summary Judgment shall be construed as a Motion for Summary Judgment and shall be granted.

### Background

Dae Quante N. Gale, an inmate confined to the Baltimore County Detention Center, alleges that he was charged with unlawful taking of a motor vehicle and theft under $100 on March 30, 2016, by Baltimore County Police Officer Brian Wilder. ECF 1 at p. 3. On June 2, 2016, all charges were dismissed with a nolle prosequi judgment. *Id.*

Gale claims that charges against him were not supported by probable cause and that Wilder had a duty to refrain from filing an application for charges under the circumstances of the case. *Id.* at p. 4. He states that there was no physical evidence or eyewitness accounts implicating him in the charges. *Id.* Gale asserts he was harmed by the arrest because the charges

"hung over his head" for over two months, placing a strain on him. *Id.* He seeks monetary damages as relief. *Id.* at p. 5.

Wilder explains that on March 27, 2016, he was patrolling the area of Nettle Hill Lane in Reisterstown, Maryland in a marked police car when he observed a white Mazda 3 back out of a parking space, drive onto Town Green Way, and turn right onto Fox View Court which is a dead-end street. Wilder stopped and waited for the Mazda to come back out of the dead end street; while waiting a woman approached Wilder and asked if he had seen the Mazda run up onto a curb on Fox View Court. Wilder then drove down Fox View Court and found the Mazda abandoned with the keys in the ignition and driver's side door standing open. When he checked the registration of the car by radio, dispatch advised that the car had been reported stolen on March 22, 2016. ECF 9 at Ex. 1.

Wilder was then contacted by James Richard who reported that approximately 15 to 20 minutes earlier he had been approached by two young black men he knew as "Jackie" and Jackie's older brother. The two men asked Richard to help them jump start the same Mazda that Wilder had confirmed was stolen. Richard told Wilder that he assisted the two men and the car was started using jumper cables. *Id.*

Another Baltimore County police officer, Brian Schoneman, arrived at the scene where the Mazda had been left to assist Wilder with the recovery. The man identified as "Jackie" by Richard was determined to be Jackie Tyon Lawson, a juvenile. Lawson's older brother is Gale. After an investigation turned up an address for the two men, Wilder went to the address, obtained their mother's permission, and interviewed Lawson and Gale. *Id.*

Lawson revealed to Wilder that he was in the area where the Mazda was, but was never inside the vehicle. Gale also advised Wilder that he was near the vehicle and admitted that he jump started the car, but claimed someone named "Raheem" was driving it around that day. *Id.*

On March 30, 2016, Wilder made an application for a warrant or criminal summons with the District Court of Maryland Commissioner's Office and a warrant was issued for Gale. Gale was charged with unlawful taking of a motor vehicle; unauthorized removal of property; theft over $10,000 and under $100,000. Gale was served with the warrant on March 30, 2016, and was subsequently interviewed by Wilder and Detective Eric Hoppa. Gale again admitted that he hooked up the jumper cables, denied driving the car, and admitted he was in the car in order to jump start it. *Id.* at Ex. 2.

### Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).

The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

In order to state a claim under § 1983 for false arrest, Plaintiff must show that the arrest was made without probable cause. *See Street v. Surdyka*, 492 F.2d 368, 372-73 (4th Cir. 1974). Probable cause exists if "at that moment the facts and circumstances with [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964) (citation omitted). A probable cause determination is governed by a totality of the circumstances test. *See Illinois v. Gates*, 462 U.S. 213, 241 (1983); *United States v. Garcia*, 848 F.2d 58, 59-60 (4th Cir. 1988). Whether probable cause to arrest exists is based on information the police had at the time of the arrest. *Id.* at 261. A warrantless arrest in a public place may be made when the arresting officers  have probable cause to believe that the suspect has committed, is committing, or is about to commit a crime. *See Beck v. Ohio*, 379 U.S. 89, 91 (1964) (probable cause exists if "at that moment the facts and circumstance within [the officers] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.").

Gale may only succeed on his claim of false arrest if he is able to demonstrate that Wilder lacked probable cause to arrest him. *See Albright v. Oliver*, 510 U.S. 266, 273-74 (1994);

4

*Clipper v. Takoma Park, Md.*, 876 F.2d 17, 19-20 (4th Cir. 1989). In determining whether there was reasonable suspicion, the Court must look at the totality of the circumstances. *See United States v. Sokolow*, 490 U.S. 1, 8 (1989). Additionally, police officers are permitted to draw on their experience and specialized training to make inferences from and deductions about cumulative evidence. *See United States v. Arvizu*, 534 U.S. 266, 273 (2002). Thus, a person's behavior, though appearing innocent, may raise questions justifying a detention when viewed in the totality and combined with the police officer's knowledge and experience. *See Illinois v. Wardlow*, 528 U.S. 119, 125-26 (2000).

In Gale's case, Wilder relied on information provided by Richard to identify Gale and Lawson as the people he had helped to jump start the Mazda. It was not until Wilder prepared and presented an application for a statement of charges to a commissioner at the District Court for Maryland that Gale was arrested. The commissioner, a neutral judicial officer, found probable cause existed and issued a warrant. To the extent the charges were later dropped or found somehow defective, Wilder is entitled to avail himself of the defense of qualified immunity. "In particular, . . . qualified immunity protects law officers from 'bad guesses in gray areas' and it ensures that they may be held personally liable only 'for transgressing bright lines.'" *Gomez v. Atkins*, 296 F.3d 253, 261 (4th Cir. 2002) (quoting *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992)). The defense provides protection for public officials for mistakes of law, mistakes of fact, or a combination of the two. *See Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting). Wilder is entitled to summary judgment in his favor.

A separate Order follows.

February 16, 2017
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE